MUNDORFF v. MUNDORFF, administrator, etc., appellant, *et al.*

*Reference — power of court over.*

In an action brought to set aside a receipt claimed to operate as a release on the ground of fraud, and for an accounting, the case was, by consent, referred to a referee to hear and determine the issues and to take any account he might determine to be necessary. The referee heard the testimony and decided that an accounting should be had but declined to proceed further. *Held,* that the court could (Code, §§ 268, 272) appoint another referee to take the accounting and complete the original order, and it was unnecessary to commence *de novo*.

APPEAL from an order of the special term directing a reference. The plaintiff, Apollonie Mundorff, is the widow of John Mundorff, deceased, who died intestate in the city of New York, May 29, 1867. The six defendants, Jacob Mundorff and others, are sons of the deceased by a former wife. The action was brought to set aside a certain receipt given by plaintiff, claimed to operate as a release of plaintiff's claims upon the decedent's estate, on the ground of fraud, also for an accounting of the estate, and for the enforcement of an ante-nuptial contract between deceased ·and plaintiff. The action coming on for trial at special term, before Mr. Justice CARDOZO, by the consent of the respective parties, was referred to F. Kurzman, Esq., to hear and determine all the issues, and to take any account he might determine to be necessary. The referee proceeded to hear the testimony, and decided that the administrator should account with plaintiff, and the referee then declined to proceed further, whereupon plaintiff's counsel moved the court at special term to appoint another referee to proceed and take the account.

The court granted the motion, and it was referred to George L. Ingraham, Esq., to take and state the account of the defendant, Jacob Mundorff, as administrator, from which order of reference said defendant made this appeal.

*F. G. McDonald,* for appellant. Where a cause is referred by consent, the court cannot change the referee without like consent. *Haner* v. *Bliss,* 7 How. 246. This order is appealable. *Kennedy* v. *Shilton,* 1 Hilt. 546. The referee was a judicial officer created by statute, and the mode of review of his decision was by an appeal to the general term. Code, § 272. Plaintiff's remedy, when the referee refused to proceed, was to have the order of reference vacated. *Emmet* v. *Bowers,* 23 How. 300.

*Elial F. Hall,* for respondent, cited *Palmer* v. *Palmer,* 13 How. 363 ; *McMahon* v. *Allen,* 27 Barb. 335 ; *Smith* v. *Lewis,* 1 Daly, 452 ; *Trufant* v. *Merrill,* 37 How. 531 ; *Reubens* v. *Joel,* 13 N. Y. 488 ; *Voorhis* v. *Childs, Ex'r,* 17 id. 354 ; *Cole* v. *Reynolds,* 18 id. 74 ; *Bradley* v. *Aldrich,* 40 id. 504 ; *Taylor* v. *Taylor,* 43 id. 578 ; *Erie Railway Co.* v. *Ramsey,* 45 id. 637 ; *Vermilyea* v. *Palmer,* 52 id. 471.

DANIELS, J. Before the adoption of the present system of practice, the rights of parties to suits in equity were, in the first instance, determined upon the hearing ; and upon that determination, where a complete disposition of the case required accounts to be settled, an interlocutory decree was entered declaring such rights, the manner in which the accounting was to be had, and referring the case to a master, before whom it should be taken. 1 Barb. Ch. Pr. 327. This practice would be continued in force, even if no positive provision to that effect had been made, as long as it cannot be held inconsistent with the changes made by the Code. Code, § 469. The convenience of legal proceedings requires its existence. Without it the court, in cases of an equitable nature, would not only be bound to hear the case upon its entire merits, but, after disposing of them, to go on and take the formal accounting required for final judgment. This would not only prove to be an intolerable burden, but it would so far embarrass the trials before the court as to be the cause of vexatious delays, for it would be impossible for courts to hear all the cases of this class brought before the special term, and,

in addition to that, take and state the accounts upon the basis of the conclusions arrived at as to the merits of the controversies. Not only does the Code not require that this course should be pursued, but it provides in substance for the continuation of the previous practice upon this subject. This is done by providing for a review of the decision of the court by a motion for a new trial before the general term, where the decision filed shall not authorize a final judgment, but directs further proceedings before a referee, or otherwise. Code, § 268. In terms this provision relates to trials had before the court without a jury, but by section 272 it is properly applicable to the trial of the same class of cases before referees, for by that it is provided that the trial shall be conducted in the same manner before a referee as if it were had before the court without a jury. Ordinarily, where the whole issue is referred, it is no doubt the duty of the referee to take, state and adjust the accounts of the parties on the basis on which, by his decision, he may settle their rights. For, as a portion of the issues, that is included within the reference provided for. But if that is for any reason not done, and an interlocutory report only is made, by which the rights of the parties are determined, and directing a further hearing to settle the accounts between them, there can be no reason for doubting the power of the court to direct that to be done before another referee. It would in all such cases be wiser to send the case back to the same referee, on account of the familiarity he must have acquired with the facts rendering the accounting necessary, and the principles which, according to his conclusions, should govern it. But that does not affect the question of the power of the court. It relates simply to the manner in which, under the circumstances, it should be exercised. The report made in that manner sustains all the relations to the case the former interlocutory order did in hearings had in the court of chancery, and all that can be required is that the details of the litigation shall be completed according to its conclusions as to the rights of the parties. This can be done by a reference to a new referee, though not as easily as by continuing the case before the one first appointed. Cases must sometimes occur where no other course can be pursued. Where, for instance, other acts must be performed intermediate the interlocutory decision and the taking of the accounting; or where, after the interlocutory report, the referee himself may leave the State, become insane or depart this life before the account can be settled in conformity to his decision.

In either contingency it would be very unjust to the parties to hold that the case must be entirely retried again, and no necessity exists for any such ruling. In this case the referee reported as to the equitable right of the parties, and then directed that an accounting should be had of the administration of the estate of John Mundorff, declining to proceed with it himself. It was the right of the parties, as well as the duty of the court, to have the case completed in this respect, and that could be done by ordering the same referee to proceed, upon the basis of his report, to that end, or by committing the execution of the direction to any other competent person. The latter course was adopted. It was entirely within the discretion possessed over the case by the court, and is sustained by the decision of the general term of the superior court in the case of *Trufant* v. *Merrill*, 37 How. 531. The order should be affirmed, with costs.

DAVIS, P. J., and DONOHUE, J., concurred.

*Order affirmed.*